STATE OF RHODE ISLAND SUPERIOR COURT
NEWPORT, SC.

RONALD BISBANO,
PLAINTIFF

v.

VARI AUTOMATION, INC.,
DEFENDANT

COMPLAINT AND DEMAND FOR JURY TRIAL

## PRELIMINARY STATEMENT

1. The plaintiff is a resident of Fall River, Bristol County, Commonwealth of Massachusetts.

2. The defendant, Vari Automation, Inc., is a duly organized and existing Pennsylvania Corporation with a principle place of business at 33 Lenape Road, Richboro, Pennsylvania and has allegedly caused tortious injury by act or omission in the State of Rhode Island.

3. Jurisdiction over the defendant, Vari Automation, Inc., is pursuant to the Rhode Island Long Arm Statute.

4. The plaintiff brings this action for personal injuries sustained by him as a result of the negligence of the defendant, its agents, servants or employees, as hereinafter alleged.

5. Plaintiff alleges that the amount in controversy between the parties is in excess of the amount necessary to establish jurisdiction of this Superior Court.



EXHIBIT A

6. PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS HEREIN.

**COUNT I - VARI AUTOMATION, INC.**

**NEGLIGENCE**

7. The plaintiff, Ronald Bisbano, incorporates paragraphs one through six as if expressly set forth herein.

8. On or about July 21, 2007, the Plaintiff Ronald Bisbano was lawfully at Saint-Gobain Performance Plastics Corp., located at 386 Metacom Avenue, in Bristol, Rhode Island, in the course of his employment with Saint-Gobain as a machine operator.

9. On said date, while working on a V35T Press Machine designed, manufactured and installed on the Saint-Gobain Performance Plastics Corp. premises by the defendant, Vari Automation, Inc., the Plaintiff sustained serious personal injuries when the machine, which was in a dangerous and defective condition as a result of an inadequately safeguarded point of operation, crushed his dominant right hand.

10. The injuries sustained by the plaintiff, Ronald Bisbano, were a direct and proximate result of the carelessness and negligence of Defendant Vari Automation, Inc., as follows:

a. The Defendant was negligent in the design, manufacture, assembly, testing, and/or inspection of the said V35T Press Machine.



From: 2153552396 Page: 8/13 Date: 9/8/2008 7:17:08 PM

b. The Defendant negligently failed to warn, instruct, adequately warn or adequately instruct the plaintiff, Ronald Bisbano, concerning the dangerous and defective design of said V35T Press Machine when it knew or in the exercise of reasonable care should have known that individuals working with or near said V35T Press Machine, such as the plaintiff, Ronald Bisbano, were ignorant of said dangerous and defective characteristics.

c. The Defendant negligently disposed of the V35T Press Machine and placed said V35T Press Machine in the channels of trade, when the Defendant knew or with reasonable care should have known said V35T Press Machine was dangerous and defective in nature and design, or in a dangerous and defective condition, and negligently placed said V35T Press Machine in the channels of trade in a manner which the Defendant foresaw, or in the exercise of reasonable care ought to have foreseen, would probably carry it into contact with persons such as this Plaintiff, Ronald Bisbano, who were ignorant of the dangerous and defective nature and condition of said V35T Press Machine and negligently failed to use reasonable care to prevent injury to such person, including this Plaintiff, Ronald Bisbano.

11. As a direct and proximate result of the negligence of the defendant, Vari Automation, Inc., its agents, servants, or employees, as hereinbefore set forth, the Plaintiff was seriously and permanently injured as a result of injuries to his right dominant hand which have



From: 2153552396 Page: 9/13 Date: 9/8/2008 7:17:08 PM

been diagnosed as a crush injury to the right hand, incurred medical expenses of over One Hundred Thousand and 00/100 ($100,000.00) Dollars, has been prevented from carrying out his usual work and activities, has suffered great pain of body and mind, and was otherwise damaged.

WHEREFORE, the plaintiff, Ronald Bisbano, demands judgment against the defendant, Vari Automation, Inc., together with interest and costs of suit.

**COUNT II - VARI AUTOMATION, INC.**

**BREACH OF WARRANTIES**

12. The plaintiff, Ronald Bisbano, incorporates paragraphs one through eleven as if expressly set forth herein.

13. The plaintiff, Ronald Bisbano, says that Defendant Vari Automation, Inc. expressly and impliedly warranted to the general public and to him in particular that said V35T Press Machine was safe, merchantable and fit for the use for which it was intended; that the Defendant breached its warranties to him because said product was unsafe, not of merchantable quality, and unfit for the purpose and use for which it was intended; and that the plaintiff, Ronald Bisbano, relied on the warranties made by the Defendant and was caused to suffer personal injuries as the direct and proximate result of his reliance on said warranties and as a direct and proximate result of the breach of said warranties and as a direct and proximate result of the breach of said warranties by the Defendant.



From: 2153552396 Page: 10/13 Date: 9/8/2008 7:17:08 PM

14. As a direct and proximate result of the breaches of warranties by the defendant, Vari Automation, Inc., its agents, servants, or employees, the Plaintiff was seriously and permanently injured as a result of injuries to his right dominant hand which have been diagnosed as a crush injury to the right hand, incurred medical expenses of over One Hundred Thousand and 00/100 ($100,000.00) Dollars, has been prevented from carrying out his usual work and activities, has suffered great pain of body and mind, and was otherwise damaged.

WHEREFORE, the plaintiff, Ronald Bisbano, demands judgment against the defendant, Vari Automation, Inc., together with interest and costs of suit.

**COUNT III - VARI AUTOMATION, INC.**

**STRICT LIABILITY**

15. The plaintiff, Ronald Bisbano, incorporates paragraphs one through fourteen as if expressly set forth herein.

16. The plaintiff, Ronald Bisbano, says that the Defendant is strictly liable for the Plaintiff's injuries in that the V35T Press Machine was defective in design and/or manufacture when it left the Defendant's control and that said defect in design and/or manufacture made the said V35T Press Machine unreasonably dangerous for its intended use and that the Defendant failed to warn the plaintiff, Ronald Bisbano, of the V35T Press Machine's dangerous propensities.



From: 2153552396 Page: 11/13 Date: 9/8/2008 7:17:09 PM

17. As a direct and proximate result of the unreasonably dangerous condition of the V35T Press Machine for its intended use and the Defendant's failure to warn of the V35T Press Machine's dangerous propensities, the plaintiff was seriously and permanently injured as a result of injuries to his right dominant hand which have been diagnosed as a crush injury to the right hand, incurred medical expenses of over One Hundred Thousand and 00/100 ($100,000.00) Dollars, has been prevented from carrying out his usual work and activities, has suffered great pain of body and mind, and was otherwise damaged.

WHEREFORE, the plaintiff, Ronald Bisbano, demands judgment against the defendant, Vari Automation, Inc., together with interest and costs of suit.

Respectfully submitted,
The Plaintiff,
Ronald Bisbano,
By His Attorney,

Matthew M. Aspden, Esquire #3635
SABRA & ASPDEN, P.A.
1026 County Street
Somerset, MA 02726
Tel. (508) 674-0890
Dated: July 24, 2008



From: 2153552396 Page: 12/13 Date: 9/8/2008 7:17:09 PM

# WAIVER OF SERVICE OF SUMMONS

TO: Matthew M. Aspden, Esquire

I acknowledge receipt of your request that I waive service of a summons in the action of Ronald Bisbano vs. Vari Automation, Inc., which is case number NC2008-0407 listed in the Superior Court for the County of Newport. I have also received a copy of the complaint in this action, two copies of this instrument, and a means by which I may return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with the judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under Rule 12 is not served upon you within 60 days after September 5, 2008, or within 90 days after that date if the request was sent out of the United States.

Vari Automation, Inc.

By: ______________________
Peter Vari, President

Dated: September 5, 2008

EXHIBIT
tabbies®
B

From: 2153552396 Page: 2/4 Date: 9/9/2008 7:15:50 PM

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Rhode Island Superior Court Rules requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the costs of such service unless good cause be shown for the party's failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving

service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.